[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of a marriage and related relief. The plaintiff, whose maiden name was Foulds, and the defendant married at Darien, Connecticut, on April 30, 1977. Both parties to this marriage, for at least twelve months next preceding the date of the filing of the complaint, have been residents of the State of Connecticut; therefore, this court has jurisdiction. There are two children issue of this marriage, Nicholas S. Tarnowsky, born January 5, 1981, who has reached the age of majority, and Stephanie J. Tarnowsky, born October 15, 1983, who remains a minor. Neither party has received any state aid or public assistance during the marriage. The marriage of the parties has broken down irretrievably, and a decree of dissolution shall enter on that ground.
The plaintiff is 43 years old and is in good health. She is a high school graduate, with additional secretarial schooling. During much of the marriage the plaintiff was a homemaker and CT Page 13538 primary caretaker of the children. For approximately the last seven years, she has been employed full time as an administrative assistant in the Town of Darien Parks and Recreation Department. She is a salaried employee, and earns $636 gross per week (which includes a small sum for the taking of "minutes" at town meetings), and $447 net per week.
The defendant is 48 years old and is also in good health. He, too, is a high school graduate and had one year of post-secondary school. The defendant has been employed in his family's window cleaning business for all of his adult life, and is now self-employed and the owner of the same business. His financial affidavit shows earnings of $1,250 gross, $666 net per week. The court believes that his current income is substantially correct, notwithstanding some prior years' overstatement of claimed business deductions.
The court briefly addresses the cause of the breakdown of this marriage. The marriage has apparently been floundering for several years due to a lack of communication between the parties. They separated in or about November, 1998, with the defendant leaving the marital home in Darien. In recent years the defendant has become verbally and sometimes physically abusive to the plaintiff. The defendant points to a claimed relationship between the plaintiff and another man, but this court does not find that that relationship was the cause of the breakdown of the marriage. Both parties bear some responsibility for the breakdown of the marriage, but the greater fault lies with the defendant.
This court has considered all of the evidence and the statutes made and provided for the dissolution of marriage and related relief in Chapter 815j of the General Statutes, including but not limited to Sections 46b-56, 56b, 62, 81 and 82, and hereby enters the following orders:
 (1) The marriage is dissolved on the grounds of an irretrievable breakdown, and the court restores to the plaintiff her maiden name of Foulds.
 (2) The parties shall have joint legal custody of the minor child issue of the marriage, with primary physical custody awarded to the plaintiff and with rights of reasonable, flexible and liberal visitation, including phone access and contact, to the defendant. CT Page 13539
 (3) The defendant shall pay to the plaintiff, as and for child support, the sum of $7,500 per year, payable at the rate of $625 per month in equal semi-monthly installments on the first and fifteenth of each month, in advance, effective October 15, 1999. Said sum is in substantial accordance with the Connecticut Child Support Guidelines.
 (4) The defendant shall pay to the plaintiff, as and for periodic alimony, the sum of $12,000 per year, payable at the rate of $1,000 per month in equal semi-monthly installments on the first and fifteenth of each month, in advance, effective October 15, 1999. Said periodic alimony shall terminate upon the happening of any of the following events, whichever first occurs: the death of either party, the remarriage of the plaintiff, or cohabitation between the plaintiff and any unrelated male under C.G.S. § 46b-86(b).
 (5) The plaintiff shall provide medical and health insurance for the benefit of the minor child, as such may be available through her place of employment at reasonable cost and expense. The plaintiff and the defendant shall pay equally for any uncovered, unreimbursed medical, health, dental or orthodontic expenses of the minor child. The defendant may continue coverage for himself on any medical or health insurance plan maintained by or for the benefit of the plaintiff, as permitted by law and at his sole cost and expense.
 (6) The defendant shall quit claim to the plaintiff all of his right, title and interest in and to the marital home at 24 Herman Avenue, in Darien, Connecticut. From the time of said quit claim, the plaintiff shall be solely responsible for any mortgage, taxes and insurance on or for the marital home, and shall indemnify and hold harmless the defendant from any responsibility therefore. At the time of said transfer, the plaintiff shall execute a promissory note in customary form, in the principal sum of $100,000 and with interest at the rate of 5%, simple interest, per annum, payable to the defendant, with principal and interest due upon the happening of any of the following events, whichever first occurs: the plaintiff's death, the plaintiff's remarriage, the plaintiff's sale of the residence, the death or emancipation of the minor child, or six months following CT Page 13540 the minor child's graduation from high school so long as said date is not before the minor child reaches age 18 but not later than the minor child reaches age 19. Said note shall be secured by a mortgage on the premises. The plaintiff shall have the right to refinance the premises and the defendant shall agree to subordinate his mortgage to a first mortgage in an amount no greater than $100,000. The plaintiff shall also retain all furniture and furnishings in the marital home, except for the personal papers and effects of the defendant. In the event of any dispute hereunder, the parties shall first mediate the matter with Family Services before petitioning the Superior Court.
 (7) Any leased car(s) now in the possession or control of the plaintiff shall be assigned to the plaintiff, and any leased car(s) now in the possession or control of the defendant shall be assigned to the defendant.
 (8) Except or to the extent as set forth expressly hereinbefore, each party shall retain all assets and be responsible for any liabilities as set forth on their respective financial affidavits.
 (9) Except or to the extent as set forth hereinbefore, each party shall perform any obligation set forth hereunder within thirty days (30) of the date hereof.
(10) No counsel fees are awarded to either party.
 (11) Counsel for the plaintiff shall prepare the judgment file.
So Ordered.
KAVANEWSKY, J.